ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA

ROY WILLIAMS,

    Petitioner

VS.

HARLEY LAPPIN, Director,
Federal Bureau of Prisons;
D. DREW, Warden, FPC Maxwell-
A.F.B.,

    -Respondents.
_____/

CASE No. 2:07CV 1117-mef

CR-3:05-00169-RE (Middle-
-Dist. Tenn.)

-EMERGENCY-

MOTION UNDER 28 U.S.C. §2241

COMES NOW PETITIONER, ROY WILLIAMS, by and through Himself, and invokes Jurisdiction of this Honorable Court by Vehicle of 28 U.S.C. §2241, Where Plaintiff has a Liberty Interest in seeking **Modification of his Current Sentence** From The Respondent-Director of The Federal Bureau of Prisons.

Petitioner Makes this Motion citing **Exigent and Emergency** Circumstances, and for the Good Cause Shown, as Follows:

I MODIFICATION OF SENTENCE

First, Petitioner is not contesting his plea-nor length of his sentence and does not seek a lesser sentence, but in accordance with Existing Statutory Authority, including 18 U.S.C. §3621(b), 18 U.S.C. §3582(c)(1)(A); and U.S.S.G-§1B1.13 seeks to Modify his Sentence by correction of the Mode of which it is currently being served.

(PAGE ONE)

## II. STATEMENT OF CASE

PETITIONER Roy Williams, a small business owner operating a Nutrition Store, was Indicted for attempt and distribution of nutritional substance known as "GBL". The Indictment was returned some **Four and Half Years** after petitioner, of his own volition, had ceased to vend this product due to it's criminalization.

Petitioner had been law abiding citizen and tax payer, up to and until the time of his Indictment in this case, with <u>No-Criminal History.</u> Petitioner pled guilty in District Court and was sentenced by Honorable Judge Robert Echols, to a term of **Eighteen (18) Months** on **February 23, 2007.** Petitioner remains in custody at Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama.

Petitioner fully cooperated with the Government and the Investigation of this case, as verified by **Agent Holland of The D.E.A.**, and **A.U.S.A. Paul O'Brien.** Because of Petitioner's clear conduct record and full co-operation, **Honorable Judge Robert Echols** sentenced below the guideline, remarking that he felt sure that Authorities would "not be seeing (Mr. Williams) again".

Except for the extreme **Hardship** as has further developed where Petitioner's Parents Health, which was then severe only afew months previous at sentencing date, has now rapidly and further deteriorated, Petitioner would not take this petition. **He has a Liberty Interest** in the modification of his Sentence, for the reasons stated, and other **Good Cause Shown** including Statutory Authority allowing the relief of Community Corrections.

**(PAGE TWO)**

## III. ISSUE

The sole issue is that Petitioner's current Sentence is being served under a <u>severe Hardship</u> due to urgent Health Issues in his immediate family. Petitioner's elderly parents, both Mother and Father are barely enduring to virulent disease both being in their latter **80's**.[*1] Petitioner is the only Family Member able to offer substantial assistance by additional care necessary to the greater Heath Care of his Parents. This Issue is placing an extreme Emotional Distress on Petitioner, a cruel and unsusual punishment to both this inmate and parents under the circumstances. Petitioner remains in custody of a small Sentence for what is a relatively minor Federal Crime-**i.e., violation of U.S.C. §846** where the facts are that Petitoner was (and is) owner of a Nutrition Store, and while the substance **"GBL"** was a **legal** Substance at the time of Petitioner's first vending of this Nutritional Substance in his Store, it later became illegal, and Petitioner continued to sell the Product only briefly after it's criminalization, resulting in the instant <u>**18 Month-Sentence**</u>.

Due to the urgent and immediate Necessity of care required by his terminally ill parents, Petitioner here petitions the Director for Considerations to Modify His Remaining Portion of his Sentence to Community Confinement, where Statutory Authority Exists to allow same, and whereAuthority also Exists to allow Petitioner to Serve a <u>**Six Month Portion**</u> **Portion of The Sentence on Home Confinement**. Petitioner can afford any -additional costs or requirements to this end, is a <u>First Time-</u>

(PAGE THREE)
*1  <u>SEE</u> Attached Exhibit, letter from Parents Doctor to Sentencing Judge Echols.

--<u>offender</u>, and specifically seeks to Serve the remainder or any portion thereof on <u>Home Confinement</u> at His Elderly Parents Home in Lawrenceburg, Tennessee.

### IV. GROUNDS AND AUTHORITY

**First** Petitioner would submit that Petitioner while Petitioner is also a <u>First Time Offender</u> and did accept responsibility for any crime committed, there exists **mitigating factors** present in this case. Petitioner, a small business owner, had halted any further sales of the Nutritional Substance "GBL" on his own volition, <u>four and Half Years Prior to the Government bringing any criminal Charges for same.</u> This fact is present on the Record of Petitioner's Criminal Case referenced above, and would show additional Good Cause for consideration of The relief sought here.

**Secondly,** The provision of <u>18 U.S.C. §3621(b)</u> includes allowance of transfer of Prisoner to **Community Confinement** for the final portion of his Sentence to facilitate Release. <u>See 28 C.F.R. §571.10-573.-13</u>; BOP Program Statement ("P.S.")- 7310.04, <u>Community Corrections Center-"CCC" Untilization and Transfer Procedures</u>, ¶12.a at 12, (1988); P.S. <u>5107.07, Security Designation and Custody CLassification Manual</u>, ch.10. ¶2.g at 8A (2002 rev.).

> "The fact is...[18 U.S.C.]-§3624 obviously supports the power of the BOP to place offenders in community confinement to serve their term of imprisonment."
> <u>BYRD V. MOORE</u> 252 F. Supp. 2d 293 (WDNC 2003);-
> <u>CUTLER V. UNITED STATES</u>, 241 F. Supp. 2d 19 (D.D.C.-2003).

(PAGE FOUR)

## V. ADMINISTRATIVE REMEDY

Admistrative Remedy would be Futile in the Respect that Petitioner's release date is tentatively in July, 2008. **18 U.S.C. §3621(b) (1) (2) (3)(4)-(A)** are all favorable to allowance by The Director of The Bureau of Prisons to accomodation of Petitioner's Liberty Interest in Modification by designating Community Confinement as The Place of Imrisonment of this Petitioner for the remainder of his Sentence.

**Administrative Remedy** Does Not Apply to Prisoner's Habeas Corpus Petition, such as this one. The **Prisoner Litigation reform ACt**, including Provision of **42 U.S.C. 1997(e)(a)** for exhaustion of Administrative Remedies, nor the General Pricipals of Habeas Corpus Law,-nor any Statute Require Administrative Exhaustion here. Therefore, it is appropiate that The Director respond to Petitioner's grievance directly in this Court.

## VI. FURTHER ARGUMENT

Petitioner argues "Extraordinary Justification" for bringing his petition. FUll **six Month Half Way House,-and-Community Confinement Placement are consistent with the laws of The United States.** Properly construing 18 U.S.C. §§3681(b) and 3624(c para-materia, the B.O.P. has AUthority, as well as this court to designate a place of confinement under §3621(b), which supplements to the mandate of §3624(c), which Encorages Release preparation, and does not directly refer to Half-Way Houses, Nor restrict their use. Thus **18 U.S.C. §3624(c)** does not act to restrict the general designation Authority to approve Half Way House placements commemcing **prior to an inmates 10% date.** Under **appropriate** exercise of discretion, unconstrained by legal-

(PAGE FIVE

--limitations mistakenly applied, Petitioner could be approved for up to Six-Months Half Way House Placement, prior to being also allowed, during the last **10% of his Term** to participate in **Home Confinement**.

§§3621(b) and 3624(c), would allow this Court, consistent and comporting with **BOP Policy-P.S. 7310.04**, to allow CCC Placement of "up to **180 Days**" (or more with "**Extraordinary Justification**") regardless of the length of the Sentence. Id. §9.a(1), at 8.

## VII CONCLUSION

In Conclusion, Your Petitioner is eligible for "CCC" Placement, Federal Law and B.OP. Policy would allow Petitioner to serve the remainder of his sentence by Home Confinement, He has shown a "cause and Prejudice" by Extraordinary Justification, for such placement designation, and Prays the Director for this allowance, made in accordance with Federal Law and Bureau of Prisons Policy.

The above sworn under penalty for Perjury,

-AND RESPECTFULLY SUBMITTED,

THIS /9 DAY OF DECEMBER, 2007,

by- /s/ [signature]
ROY WILLIAMS, PETITIONER, PRO-SE
#17566-075, MOBILE-B
FPC Maxwell Air Force Base
MONTGOMERY, ALABAMA, 36112

ATTACHMENT: EXHIBIT, Letter of 9/20/2007 From Parents Doctor, Frances--A. Berry Brown, M.D., to Sentencing Judge Echols in Nashville, TN.

(PAGE SIX)

**PROOF OF SERVICE**

I do hereby swear and affirm that I have caused true copy of the foregoing Motion under **28 U.S.C. §2241,** to be placed in the mail box of this Institution, corrcet U.S. Postage affixed, and addressed to the following party(s):


Harley Lappin, DIrector
Federal Bureau of Prisons
329 First Street, N.W.
WASHINGTON, D.C., 20534


D.DREW, WARDEN,  -(Hand Delivery)
FPC. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA,  36112


A.U.S.A. PAUL O'BRIEN,
U.S. ATTORNEY'S OFFICE
110 Ninth Avenue, South
SUITE #A961
Nashville, TN., 37203


SO SWORN BY TITLE 28 U.S.C. §1746,

AND DONE, THIS /9 DAY OF DECEMEBER, 2007,

By-
/s/ [signature]
ROY WILLIAMS, PETITIONER, PRO-SE
#17566-075,  MOBILE-B
FPC MAXWELL AIR FORCE BASE
MONTGOMERY, AL., 36112

(PAGE SEVEN)

# Frances A. Berry-Brown, M.D.

*Internal Medicine, Certified*

233 East Gaines  
P.O. Box 786  
Lawrenceburg, TN 38464

Phone: 931/762-1144  
Fax: 931/766-0045

09/20/2007

TO: Honorable Judge Echols  
801 Broadway  
Nashville TN  37203

RE: Roy P. Williams

Claude and Winona Williams are patients in my practice.

Claude Williams is age 85 and he has Coronary Artery Disease and had bypass surgery in February 1999. He is currently under evaluation by his cardiologist for this condition.

Winona Williams is age 87 and has chronic back pain and osteoarthritis. She has to use a walker to get around. Mrs. Williams had extensive fat necrosis from left breast surgery in April of 2007 and she continues to have severe pain and problems from the area of fat necrosis. Mrs. Williams has a new onset of ventricular ectopy with near syncope and underwent a Taxus Stent in her right coronary artery in April 2007.

If I can be of further assistance please contact my office.

Sincerely,

*Frances A. Berry-Brown, MD*

Frances A. Berry-Brown, M.D.

§2241   Petition,   Original-<u>EXHIBIT</u>