IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.: **2:07cv-1117-MEF** |
| | ) | |
| HARLEY LAPPIN, Director, Federal | ) | |
| Bureau of Prisons, and | ) | |
| DARLENE DREW, Warden, | ) | |
| FPC Montgomery, | ) | |
| | ) | |
| Respondents. | ) | |

## RESPONSE TO PETITION FILED PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2241

Comes now the respondents, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Order of January 30, 2008, reports and responds as follows:

### I.    *Introduction*

The petitioner has filed a pro-se habeas petition pursuant to 28 U.S.C. § 2241, claiming the Bureau is illegally denying him placement in a Residential Reentry Center (RRC)[1] prior to the 10% release date.

As the petitioner is proceeding pro-se in this action his pleadings and motions will be held to less stringent standards than formal pleadings drafted by lawyers.  Byrd v.

---

[1]    As of March 31, 2006, the term Community Confinement Centers (CCCs) was changed to Residential Reentry Centers (RRC).

Stewart, 811 F.2d 554, 555 (11th Cir.1987); Fernandez v. U.S. 941 F.2d 1488, 1491 (11th Cir.1991).  The habeas corpus petition is due to be denied.

## II.    Parties

### A)    Petitioner

The pro se petitioner, Roy Williams, federal register number 17566-075, is currently incarcerated at the Federal Correctional Institution in Montgomery, Alabama. (Attachment 1 - Public Information Inmate form).  The petitioner is serving a 18 month sentence (with 3 years supervised release to follow) for Conspiracy to Possess With Intent To Distribute Gamma-Butyrolactone (GBL) in violation of Title 21 U.S.C. § 846 (Attachment 1, page 2).  He was sentenced in the Middle District of Tennessee. 3:05-cr-00169.  (Attachment 2 - Judgment and Commitment Order).  The petitioner has a projected release date of July 29, 2008, via good conduct time release (Attachment 1, page 3).  His pre-release preparation date is June 13, 2008.  Id.

### B)    Respondent

The petitioner has named Harry Lappin, Director, Federal Bureau of Prisons and Darlene Drew, Warden FCI Montgomery, as the Respondents in this matter.  The only proper Respondent in federal habeas cases is the custodian of the petitioner.  See 28 U.S.C. 2242; Rumsfeld v. Padilla, ___ U.S. ___, 124 S.Ct. 2711, 2717-18 (2004).  The Warden is the proper Respondent.

### III.    Subject Matter Jurisdiction

The petitioner brings this action pursuant to 28 U.S.C. § 2241.  Section 2241 provides an avenue of relief for inmates who allege violations of federal law which make the place, condition, or duration of confinement illegal through a petition for writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

### IV.    Venue

Venue in a habeas corpus action is governed by 28 U.S.C. §2241, which states that a petition for a writ of habeas corpus shall be filed with the district court of the district in which the petitioner is detained.  A writ of habeas corpus does not act upon the prisoner who seeks the relief but upon the person who holds him in what is alleged to be unlawful custody.  Hajduk v. U.S., 764 F.2d 795 (11th Cir. 1985).  Venue in this case is appropriate.

### V.    Service of Process

Service of process for a Habeas Corpus Petition is governed by 28 U.S.C. § 2243, "The Writ or Order To Show Cause shall be directed to the person having custody of the person detained."  According to institution staff, the petition was received on February 7, 2008.

### VI.    Petition

The petitioner seeks an early release from prison.  He also seeks release to home confinement at his parents home in Lawrenceburg, Tennessee.  In support of his request

the petitioner indicates that he is entitled to this early release as a matter of law.  Further,

he contends that both his parent's are terminally ill which is "extraordinary justification"

for his early release so he can take care of them.

## VII.    Facts

On February 23, 2007, inmate Williams was sentenced to an 18 month term of

incarceration (with 3 years supervised release to follow) for Conspiracy to Possess With

Intent To Distribute Gamma-Butyrolactone (GBL) in violation of Title 21 U.S.C. § 846,

United States v. Roy Williams, case number 3:05-cr-00169. (Attachment 2).  Inmate

Williams' ten percent release date is June 13, 2008, and his projected release date is July

29, 2008, via full term release.  Id.

According to the records, inmate Williams requested and was approved for

relocation from the Middle District of Tennessee (place of sentence) to the Northern

District of Alabama (place of residence).  (Attachment 3 - Supervision Release Plan dated

September 3, 2007).  The release referral reflects inmate Williams will be released to a

halfway house on June 13, 2008 (Attachment 4 - Institutional Release Referral).  Inmate

Williams signed a release plan wherein he requested to live with his wife in Athens,

Alabama (Attachment 3) and to work at his business, Newtritional Health Care, LLC.  Id.

This plan was submitted and approved by the Probation Department, Northern District of

Alabama on October 30, 2007 (Attachment 5 - September 3, 2007, letter from M. Rowe,

Acting Unit Manager, FPC Montgomery, and letter from Mathew Worboys, U.S.

Probation Officer, dated October 30, 2007).

The transfer to a halfway house in Alabama, and release date are appropriate. The date of June 13, 2008, is inmate Williams' release preparation date. According to Anita Rabidou, Case Manager, even if the BOP old policy were still in effect, the recommendation would not change. (Rabidou Declaration). This determination was based on several factors as explained below.

The records reflect 1) the inmate Williams is serving a short sentence for a white collar crime and has some post incarceration resources. Id. 2) he has a business to return to, 3) he has community resources as indicated by the $2,784 average balance in his account during the last 6 months. Id. Further, even under the old policy, absent the court's direction, the BOP is under no obligation to consider him for release for a full 180 days. Id. Regarding inmate Williams claim that his parents are terminally ill, we have no documented evidence to support this claim. Further, inmate Williams has not made any additional requests to staff to change his release destination or to be considered for compassionate release. (Rabidou Declaration).

## VIII.  Exhaustion of Administrative Remedies

Inmate Williams has not exhausted his administrative remedies regarding the issues raised in his petition. (Terry Collins Declaration). Inmate Williams provides two reasons to support his contention that he should not be required to exhaust his administrative remedies. First, he contends that proceeding through the administrative

remedy process would be futile in this case.  Second, Williams claims that the

administrative remedy requirement does not apply to his petition as the Prison Litigation

Reform Act (PLRA) and the 'general principals of habeas corpus law' do not require

exhaustion.  Both of these arguments fail.

Congress' intention for enacting a mandatory exhaustion requirement in section

1997e(a) was to aid in the "PLRA's effort to curtail frivolous and abusive prisoner

litigation."  Alexander v. Hawk, et al., 159 F.3d 1321, 1324 (11th Cir. 1998).  The

Eleventh Circuit has itself identified the following policies underlying exhaustion:

1. to avoid premature interruption of the administrative process;

2. to let the agency develop the necessary factual background upon

   which decisions should be based;

3. to permit the agency to exercise its discretion or apply its

   expertise;

4. to improve the efficiency of the administrative process;

5. to conserve scarce judicial resources ...;

6. to give the agency a chance to discover and correct its own

   errors;

7. to avoid the possibility that "frequent and deliberate flouting of

   the administrative processes could weaken the effectiveness of

   an agency by encouraging people to ignore its procedures."

Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994), citing Kibleur v. Group Hospital &

Medical Services Inc., 954 F.2d 705, 711-12 (11th Cir. 1992).

     The Supreme Court has held that the filing by an inmate of an action in federal

district court before completing the administrative remedy process violates the mandatory

exhaustion requirement contained in 42 U.S.C. §1997e(a), and requires the action to be

dismissed.  In Booth v. Churner, 532 U.S. 731 (2001), a unanimous Supreme Court held

that Congress mandated completion of any prison administrative remedy process capable

of addressing the inmate's complaint and providing some form of relief, "irrespective of

the forms of relief sought and offered through administrative avenues." Id. at 741 n. 6.

The Eleventh Circuit has also held on numerous occasions that exhaustion of

administrative remedies is a "precondition to filing an action in federal court," and

therefore an inmate must fully complete the administrative process before initiating suit.

Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).  The likelihood of denial

is even considered an insufficient reason to waive the exhaustion requirement.  Greene v.

Meese, 875 F.2d 639,641 (7th Cir. 1989).

     The Eleventh Circuit has consistently held that exhaustion of the administrative

remedy process is a necessary prerequisite to filing a habeas corpus action.  Skinner v.

Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004).; Perez-Perez v. Hanberry, 781 F.2d 1477

(11th Cir. 1986).  See also, United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990)

(Requirement that inmate seeking credit against sentence for time in custody must exhaust

administrative remedies is jurisdictional); United States v. Mitchell, 845 F.2d 951 (11th

Cir. 1988) (Federal district court lacks jurisdiction over federal prisoner's petition for jail

time credit when prisoner had not exhausted his administrative remedies); and United

States v. Herrera, 931 F.2d 761 (11th Cir. 1991), cert. den. 503 U.S. 972 (1992) (Unless an

inmate exhausts his administrative remedies, the court is without jurisdiction to hear the

claim).  See also, Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005) (The 11th Circuit

recognizes procedural default component within PLRA's exhaustion requirement).

 Regarding the futility argument, this too must fail.  Significantly, the Supreme

Court closed the door on any potential arguments by inmates urging the futility of

exhausting administrative remedies: "[W]e will not read futility or other exceptions into

statutory exhaustion requirements where Congress has provided otherwise."  Booth, 532

U.S. at 741 n. 6.  The Eleventh Circuit has held that the "PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong."

Johnson v. Meadows, 418 F.3d 1152, 115 (11th Cir. 2005)(quoting Porter v. Nussle, 534

U.S. 516, 532 (2002)).  The Supreme Court has further held that "all 'available' remedies

must now be exhausted," and that they "need not meet federal standards, nor must they be

'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 740).

 It has been confirmed that "there is no futility exception to the exhaustion

requirement." Arko v. Warden, USP Atlanta, et al., 2006 U.S. Dist. LEXIS 7224 *10

(NDGA Feb. 7, 2006).  The Arko Court held that the inadequacy of the prison to grant

petitioner's remedy and the futility in pursing that remedy is not an excuse to ignore the

exhaustion requirement.  Id. at *12.  Since 1997e(a) eliminates "judicial discretion and

instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered

through administrative avenues,'" the fact that petitioner believes his administrative

review will be denied does not make this remedy futile.  Sanchez v. Wendt, 2003 U.S.

Dist. LEXIS 17914 *7 (NDTX).  The Southern District of Georgia, citing to an Eighth

Circuit case, has held that:

> federal courts have only excused inmates from complying
>
> with [administrative remedy] procedures when officials have
>
> prevented prisoners from utilizing the procedures, or when
>
> officials themselves have failed to comply with the grievance
>
> procedures.  An inmate's subjective belief that the procedures
>
> were not applicable to [his particular] grievances does not
>
> matter and is not determinative.

Priester v. Rich, 2006 U.S. Dist. LEXIS 36831 * 7 (SDGA April 3, 2006) (citing to

Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005).

The BOP's Administrative Remedy Program for inmates is set out in the Code of Federal Regulations at 28 C.F.R. §542.10 et seq (2003). An inmate may seek formal review of any aspect of his imprisonment if less formal procedures do not resolve the matter. 28 C.F.R. § 542.10. The procedure provides a three-tiered review process comprised of the Warden, the Regional Director, and the General Counsel. 28 C.F.R. §542.11. An inmate must first present his complaint for informal resolution before filing for formal review. If the inmate is unable to resolve his complaint informally, then a written administrative remedy request is formally filed locally, with the Warden of the facility in which the inmate is confined. The inmate has 20 calendar days from the date on which the action complained of occurred to attempt informal resolution and file a formal complaint. Inmates are instructed to place a single complaint or a reasonable number of closely related issues on the form. The Warden ordinarily has 20 calendar days to respond. 28 C.F.R. §542.14. If the inmate is not satisfied with the response received from the Warden, the response may be appealed to the Regional Director within 20 calendar days. If the inmate is not satisfied with the response of the Regional Director, that response may be appealed to the General Counsel within 30 calendar days. Appeal to the Office of the General Counsel is the final administrative appeal in the Bureau of Prisons. 28 C.F.R. §542.15.

Through the administrative remedy process, inmate Williams may have his request to change his release plan considered. Regarding an early release beyond his 10% release

date, staff would have the opportunity to explain why even under the old policy he would not qualify. As of now, staff has no request. Inmate Williams may also be considered for compassionate release if he meets the BOP criteria. His failure to adhere to the administrative remedy process has denied the BOP the opportunity to administratively examine his request. Since none of the petitioner's claims have been subject to the full administrative review process, his petition is due to be dismissed.

IX.    *Legal Analysis*

A)    **The Petitioner Was Granted The Appropriate Amount of RRC Time**.

Federal law provides for the placement of federal prisoners in non-prison sites such as RRCs shortly before the conclusion of their sentences to allow the prisoners an opportunity to adjust to the community prior to their release. This "pre-release custody" is governed by 18 U.S.C. § 3624(c), which provides to the extent practicable that such placement will take place during the last ten percent of a prisoner's sentence, not to exceed six months:

> The Bureau of Prisons shall, to the extent practicable, assure
> that a prisoner serving a term of imprisonment spends a
> reasonable part, not to exceed six months, of the last 10 per
> centum of the term to be served under conditions that will
> afford the prisoner a reasonable opportunity to adjust to and
> prepare for the prisoner's re-entry into the community.

Prior to December 2002, Program Statement 7310.04 <u>Community Corrections Center (CCC) and Utilization and Transfer,</u> (PS 7310.04) (Attachment 6), provided a prisoner might receive RRC placement up to six months, regardless of the length of his term and without regard to the ten percent limitation contained in § 3624(c).  <u>Bilinsky v. Bureau of Prisons</u>, No. 04-5379 (JEI) 2005 WL 1475558 at 2 (D. N.J.) (June 22, 2005).  PS 7310.04, was based on the statutory interpretation that had "Section 3621(b) as taking precedence over section 3624(c) and as including RRCs within the definition of penal or correctional facilities."  <u>Id.</u>; <u>Drew v. Menifee</u>, No. 04-9944, 2005 WL 525449, at 2 (S.D.N.Y. Mar. 4, 2005).

This practice ceased effective December 20, 2002, as a result of a Memorandum Opinion issued on December 13, 2002, by the Department of Justice Office of Legal Counsel (OLC) which concluded that the Bureau could not, under <u>18 U.S.C. 3621(b),</u> generally designate inmates to serve terms of imprisonment in RRCs.  The OLC further opined that if section 3621(b) were interpreted to authorize unlimited placements in RRCs, that would render meaningless the specific time limitations in 18 U.S.C. 3624(c), which limits the amount of time an offender sentenced to imprisonment may serve in community confinement to the last ten percent of the prison sentence being served, not to exceed six months.  <u>Id.</u>

On January 10, 2005, the Bureau finalized new rules regarding its categorical exercise of discretion for designating inmates to community confinement when serving

terms of imprisonment.  See <u>Community Confinement</u>, 70 Fed. Reg. 1659 (Jan. 10, 2005)

(to be codified at 28 C.F.R. § 570,21).  The new regulations became effective February

14, 2005, and amended the Code of Federal Regulations.  The amended rule states:

> As a matter of policy, the amount of time that inmates
>
> may spend in community confinement (Community
>
> Corrections Centers (RRCs) and home confinement)
>
> to the last ten percent of the prison sentence being
>
> served, not to exceed six months.  The only exception
>
> to this policy are for inmates in specific statutorily-
>
> created programs that authorize greater periods of
>
> community confinement (for example, the residential
>
> substance abuse treatment program (18 U.S.C. 3621(e)
>
> (2)(A)) or the shock incarceration program (18 U.S.C.
>
> 4046 (c)).

The amended rule allows for exceptions only when other statutes allow for

placements exceeding six months **or** ten percent of the sentence such as the RDAP and

shock incarceration program (Intensive Confinement Center program).  <u>Id</u>.

**B)      This Petition Should be Dismissed Because Only the BOP has the Authority to Determine the Housing of Inmates.**

The law is clear, the petitioner has no liberty interest in where he is housed.  The

BOP has the statutory authority to determine where federal prisoners are housed.  *See* 18

U.S.C. §3621.  The courts have long recognized the broad discretion of the BOP in this area.  See United States ex. rel. Gereau v. Henderson, 526 F.2d 889 (5th Cir. 1976); United States v. Williams, 65 F.3d 301 (2nd Cir. 1995).   The Supreme Court recognized in Olim v. Wakinekona, 461 U.S. 238, 245 (1983), that a prisoner does not have a constitutional right to be housed in any particular institution, or even in any particular jurisdiction.  The Constitution does not require an inmate to be placed in the least restrictive institution available, nor does he have the right to be transferred anywhere else.

Although the petitioner would like to believe he would have been able to serve six months of his sentence in a halfway house, there is no guarantee he would get the benefit of past BOP policy.  Although past practice may have been to consider inmates for up to six months placement in a halfway house, the length and type of placement was based upon a assessment of the individual prisoner's circumstances and needs.  Petitioner was not promised the same would be done for him.  Petitioner has no legal right to community confinement.  The Ninth Circuit recognized in United States v. Laughlin, 933 F.2d 786 (9th Cir. 1991), nothing in the statute even requires the BOP to send an inmate to a halfway house; it is at the BOP's discretion.  The petitioner was not promised or guaranteed RRC placement.  Therefore, he cannot hold the BOP to a promise that does not exist.

The petitioner cites to Byrd v. Moore, 252 F.Supp. 2d 293 (WDNC 2003) and Cutler v. United States, 241 F. Supp. 2d 19 (D.D.C. 2003) is support of his position that

he should be allowed to immediately transfer to a halfway house or home confinement. However, both Byrd and Cutler dealt with front end issues where the judge recommended or ordered that the inmate's entire sentence be served in a halfway house.  The challenge also involved violations of the Administrative Procedures Act.  This was rectified when the BOP complied with the requisite notice requirements and finalized the new rule on January 10, 2005.

     **C)**     **The Petitioner's Claims Fail on the Merits**

Prison official's classification decisions, such as where an inmate should be designated, are completely discretionary.  See, McKune v. Lile, 536 U.S. 24, 39 (2002)(no liberty interest in transfers, citing previous Supreme Court Cases); Cohen v. United States, 151 F.3d 1338 (11th Cir. 1998), cert. denied 526 U.S. 1130 (1999) (BOP classification decisions, particularly designation decisions, are clearly discretionary); Whitethorn v. Harrelson, 758 F.2d 1416, 1421-22 (11th Cir. 1985) (Due Process Clause creates no liberty interest in being in work release program).  Mitchell v. Hicks, 614 F.2d 1016, 1018 (5th Cir. 1980) (inmate has no liberty interest in place of confinement).  See also, Gambino v. Gerlinski, 96 F. Supp.2d 456, 459 ( 2000) (holding refusal to provide prisoner with a reasonable amount of RRC placement or home confinement did not violate his due process rights.  Statute providing prisoner with a right, if practicable, to some reasonable period of RRC placement before his sentence expired merely expressed non-binding guidelines and did not create a liberty interest.)   See, Poston v. Bureau of

Prisons, Civil Action No. CV-104-087 (S.D. Ga. July 13, 2004) (Borough, D.)  In Poston, the district court denied the petitioner's habeas petition and motion for preliminary injunction. The court ruled among other things, "18 U.S.C. § 3624(c) clearly and unambiguously limits the BOP's authority to a period not to exceed ten percent of an inmate's time."  CV-104-087, pg. 8.

While the Eleventh Circuit has yet to address the issue, the Second, Third, Eighth and Tenth Circuit Decisions have all ruled against the Department of Justice in cases involving the BOP's discretion to consider inmates for release beyond their 10% release date.  Wedelsted v. Wiley, 477 F.3d 1160, (10th Cir. 2007); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).  On February 26, 2008, however, the First Circuit Court of Appeals held to the contrary and found that the Department of Justice's interpretation of the statutes was reasonable, thus the BOP's limitation of release to RRC to 10% or 6 months, whichever is less, is sustainable.  Muniz v. Sabol, ___ F.3d ___ , 2008 WL 497056 (1st Cir. 2/26/2008).

**D)**    **The Petitioner's Request For Early Release Based On A Medical Condition of His Parents is Vague and Must Be Denied.**

Inmate Williams claims he should be released early and to home confinement because  both his parents are terminally ill.  Williams has not made any requests to the institution to be considered for compassionate release.  Moreover, Williams has not demonstrated that he would qualify for a compassionate release.  (See Rabidou

Declaration.)

WHEREFORE, given the above reasons this petition is due to be denied.

Respectfully submitted this the 27th day of February, 2008

LEURA G. CANARY
United States Attorney

By: s/R. Randolph Neeley
R. RANDOLPH NEELEY
Assistant United States Attorney
Bar Number: 9083-E56R
Post Office Box 197
Montgomery, AL  36101-0197
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
**E-mail: rand.neeley@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed,

by United States Postal Service, a copy of same to the following non-CM/ECF

participant(s):

Roy Williams, Reg. No. 17566-075
Montgomery Federal Prison Camp
Inmate Mail/Parcels
Maxwell Air Force Base
Montgomery, AL 36112

s/R. Randolph Neeley
Assistant United States Attorney

Attachment 1

Case 2:07-cv-01117-MEF-SRW    Document 10-2    Filed 02/27/2008    Page 2 of 4

PUBLIC INFORMATION
INMATE DATA
AS OF 02-08-2008

REGNO..: 17566-075 NAME: WILLIAMS, ROY

```
                         RESP OF: MON / DESIGNATED, AT ASSIGNED FACIL
                         PHONE..: 334-293-2100    FAX: 334-293-2326
                                                  RACE/SEX...: WHITE / MALE
                                                  AGE: 52
PROJ REL MT: GOOD CONDUCT TIME RELEASE            PAR ELIG DT: N/A
PROJ REL DT: 07-29-2008                           PAR HEAR DT:
```

-------------------------- ADMIT/RELEASE HISTORY --------------------------

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| MON | A-DES | DESIGNATED, AT ASSIGNED FACIL | 07-06-2007 2327 | CURRENT |
| 3-V | RELEASE | RELEASED FROM IN-TRANSIT FACL | 07-07-2007 0027 | 07-07-2007 0027 |
| 3-V | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 07-06-2007 0817 | 07-07-2007 0027 |
| MRG | FURL TR NC | FURL W/UNESCORT TRF NOT TO CCC | 07-06-2007 0817 | 07-06-2007 0817 |
| MRG | A-DES | DESIGNATED, AT ASSIGNED FACIL | 04-09-2007 1345 | 07-06-2007 0817 |
| 9-L | RELEASE | RELEASED FROM IN-TRANSIT FACL | 04-09-2007 1345 | 04-09-2007 1345 |
| 9-L | A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 03-28-2007 1315 | 04-09-2007 1345 |
| DSC | ADMIN REL | ADMINISTRATIVE RELEASE | 03-28-2007 1215 | 03-28-2007 1215 |
| DSC | A-ADMIN | ADMINISTRATIVE ADMISSION | 03-28-2007 1214 | 03-28-2007 1215 |

G0002        MORE PAGES TO FOLLOW . . .

                            AS OF 02-08-2008

REGNO..: 17566-075 NAME: WILLIAMS, ROY

                    RESP OF: MON / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 334-293-2100    FAX: 334-293-2326
PRE-RELEASE PREPARATION DATE: 06-13-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-29-2008 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: TENNESSEE, MIDDLE DISTRICT
DOCKET NUMBER...................: 3:05-00169
JUDGE...........................: ECHOLS
DATE SENTENCED/PROBATION IMPOSED: 02-23-2007
DATE COMMITTED..................: 04-09-2007
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00         $00.00          $5,000.00     $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 391
OFF/CHG: 21:846 CONSPIRACY TO POSSESS WITH THE INTENT TO DISTRIBUTE
         GAMMA-BUTYROLACTONE (GBL)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   18 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 DATE OF OFFENSE................: 04-01-2002




G0002        MORE PAGES TO FOLLOW . . .

REGNO..: 17566-075 NAME: WILLIAMS, ROY

                    RESP OF: MON / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 334-293-2100    FAX: 334-293-2326
------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-11-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-11-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-09-2007
TOTAL TERM IN EFFECT............:    18 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     1 YEARS        6 MONTHS
EARLIEST DATE OF OFFENSE........: 04-01-2002

JAIL CREDIT.....................:   FROM DATE        THRU DATE
                                    10-20-2005       10-20-2005

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 70
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 07-29-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 10-07-2008


PROJECTED SATISFACTION DATE.....: 07-29-2008
PROJECTED SATISFACTION METHOD...: GCT REL


S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

Attachment 2

# United States District Court

_____ MIDDLE _____     District of     _____ TENNESSEE _____

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| | Case Number:    3:05-00169 |
| ROY WILLIAMS | USM Number:    17566-075 |
| | EDWARD YARBROUGH |
| | Defendant's Attorney |

## THE DEFENDANT:

__X__ pleaded guilty to Count <u>One of the Information</u> _____

_____ pleaded nolo contendere to count(s) _____
which was accepted by the court.

_____ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess With the Intent to Distribute Gamma-butyrolactone (GBL) | 4/02 | 1 |

USMS 03/21/07 AM 9:57

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____ The defendant has been found not guilty on count(s) _____

_____ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in economic circumstances.

February 23, 2007
Date of Imposition of Judgment

Signature of Judge

Robert L. Echols, U.S. District Judge
Name and Title of Judge

March 16, 2007
Date

ATTEST AND CERTIFY
**A TRUE COPY**
Clerk
U.S. District Court
Middle District of Tennessee
By_____
Deputy Clerk

DEFENDANT:        ROY WILLIAMS                          Judgment – Page  2  of  6
CASE NUMBER:    3:05-00169

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eighteen (18) months.

___X___    The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends that Defendant be incarcerated at the federal prison camp at Maxwell Air Force Base in Montgomery, Alabama, subject to his security classification and the availability of space at the institution.**

_____    The defendant is remanded to the custody of the United States Marshal.

_____    The defendant shall surrender to the United States Marshal for this district:

        _____    at _____    _____ a.m.    _____ p.m. on _____

        _____    as notified by the United States Marshal.

___X___    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ___X___    before 2 p.m. on  **Monday, April 9, 2007.**                    .

        _____    as notified by the United States Marshal.

        _____    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

√/s

Defendant ~~delivered~~ on  4-9-07    to  FCI MORGANTOWN, WV

at _____, with a certified copy of this judgment.

                            J. G. ESPARZA  ACTING WARDEN
                            UNITED STATES MARSHAL

                    FOR: /s/ B. Callahan  ISO
                            DEPUTY UNITED STATES MARSHAL

DEFENDANT:        ROY WILLIAMS                          Judgment – Page    3    of    6
CASE NUMBER:      3:05-00169

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **three (3) years.**

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

| | |
|---|---|
| _____ | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| __X__ | The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.) |
| __X__ | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.) |
| _____ | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| _____ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable.) |

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments page of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as the additional Special Conditions of Supervision on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| DEFENDANT: | ROY WILLIAMS | Judgment – Page 4 of 6 |
| CASE NUMBER: | 3:05-00169 | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall pay a fine in an amount totaling $5,000. Payments shall be submitted to the Clerk, United States District Court, 801 Broadway, Room 800, Nashville, Tennessee 37203. The fine is due immediately. If the Defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, Defendant shall pay the remaining fine in monthly installments in an amount recommended by the Probation Office and approved by the Court, but the minimum monthly rate shall not be less than 10 percent of Defendant's gross monthly income. No interest shall accrue as long as Defendant remains in compliance with the payment schedule ordered.

2. The Defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

3. The Defendant is prohibited from owning, carrying or possessing firearms, destructive devices, or other dangerous weapons.

4. The Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

5. The Defendant will be required to perform 240 hours of community service directed towards preventing and stopping the use of illegal drugs. The hours of community service work performed must be approved in advance and recorded by the probation officer.

DEFENDANT:        ROY WILLIAMS                                      Judgment – Page    5    of    6
CASE NUMBER:      3:05-00169

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $100.00 | $5,000.00 | $ |

_____ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_____ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $_____ | $_____ | |

_____ Restitution amount ordered pursuant to plea agreement $_____

_____ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments page, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__X__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

____X____ the interest requirement is waived for the   __X__ fine _____ restitution, as long as Defendant remains in compliance with the payment schedule.

_____ the interest requirement for the _____ fine _____ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        ROY WILLIAMS                          Judgment — Page ___6___ of ___6___
CASE NUMBER:      3:05-00169

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    ___X___         Lump sum payment of $5,100 (fine and special assessment) due immediately, balance due

                     _____ not later than _____, or
                     ___X___ in accordance _____ C, _____ D, _____ E, or ___X___ F below; or

B    _____         Payment to begin immediately (may be combined with _____ C, _____ D, or _____ F below); or

C    _____         Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of
                     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this
                     judgment; or

D    _____         Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of
                     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
                     imprisonment to a term of supervision; or

E    _____         Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
                     from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
                     time; or

F    ___X___         Special instructions regarding the payment of criminal monetary penalties:

**Should there be an unpaid balance upon the commencement of the term of supervised release, payments may be made in regular monthly installments in a minimum amount of no less than 10 percent of Defendant's gross monthly income to be recommended by the United States Probation Office and approved by the Court, based upon the Defendant's earning capacity and his ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_____      Joint and Several

             Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
             Amount, and corresponding payee, if appropriate.

_____      The defendant shall pay the cost of prosecution.

_____      The defendant shall pay the following court cost(s):

_____      The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including the cost of prosecution and court costs.

Attachment 3

BP-S522.051 **SUPERVISION RELEASE PLAN** CDFRM
SEP 99

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution Name: FPC, Montgomery, Alabama<br>Address: Maxwell AFB, Alabama 36112<br><br>Phone Number: (334) 293-2100 | Date: Sept 03, 2007 |

Federal Bureau of Prisons
U. S. Department of Justice
Washington, D.C.
Gentlemen:

Under the law I become eligible for **RELEASE**    X Supervised Release
    ☐ Parole          on 07-29-2008        .
    ☐ Mandatory Release            (date)

In accordance therewith I submit the following as my plans for the service of the remainder of my sentence under supervision.  Pursuant to my sentence, I must report in person to the United States Probation Office within 72 hours of my release.
(Type or Print)

RESIDENCE: **17852 Catfish Bluff, Athens, Alabama 35611**

With Whom: Gwen Williams

Relationship: Spouse

Telephone Number: 256-729-6760

**EMPLOYER:**
  Name:   Newtritional Health Care, LLC

  Address: 1115 Hwy 72, Killen, Alabama 35645

  Telephone Number: 256-757-0660

  Nature of Business: Health related products

| TO BE COMPLETED BY INSTITUTION STAFF | |
|---|---|
| SENTENCING DISTRICT | Northern District of Alabama |
| DETAINERS | None. |
| SPECIAL CONDITIONS | Refer to J&C 3:05-00169 |
| REMARKS | None. |

| | |
|---|---|
| Printed Name and Signature of Inmate<br>Roy Williams/ | Register No.<br>17566-075 |
| Witness (Case Manager) Printed Name and Signature<br>A. Rabidou/ | Date<br>9-3-07 |
| Review ( Unit Manager) Printed Name and Signature<br>M. Rowe, Acting/ | Date 9-4-07 |

This form is to be completed by all individuals subject to supervision by the U.S. Probation Office.  This includes Supervised Release, Parole,
Mandatory Release, Mandatory Release to Special Parole, Special Parole and Court Designated Parole.
Record Copy - Institution; Copy - U.S. Probation Office; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-S522 DTD SEP 95

NAME: WILLIAMS, ROY                REG NO: 17566-075

I. RELEASE PREPARATION PROGRAM & RELEASE PLANS: Upon his release, Mr. Williams intends to return to his legal residence in Athens, Alabama, and reside with his wife. He will be referred for RRC placement with date of 06-13-2008. This will assist him in meeting his transitional needs. He has completed components of the Institution's Release Preparation Program.

```
CMA ASSIGNMENT (REL PREP)                          START DATE
RPP PART              RELEASE PREP PGM PARTICIPATES 04-13-2007
```

PRE-RELEASE PREP DATE: 06-13-2008

RESIDENCE:      Gwen Williams
                Spouse
                17852 Catfish Bluff
                Athens, Alabama 35611
                256-729-6760

EMPLOYMENT:     Newtritional Health Care, LLC
                1115 Hwy 72
                Killen, Alabama 35645
                256-757-0660

USPO:           Robert Musser Jr., Chief Probation Officer
                Middle District of Tennessee
                Sentencing District
                110 9th Ave. S. Ste A725
                Nashville, TN 37203
                615-736-5771

                McGough, Cynthia, Chief Probation Officer
                Northern District of Alabama
                Relocation District
                United States Probation
                201 Hugo L. Black United States Courthouse
                1729 Fifth Avenue North
                Birmingham, AL 35203-2000

NAME:  WILLIAMS, ROY                    REG NO: 17566-075

J. RELEASE NOTIFICATIONS:

OFFENDER IS SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(B)
DUE TO:
     CURRENT CONVICTION FOR A DRUG TRAFFICKING OFFENSE

     18 USC 4042(B) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE
     COMMUNITY WITH SUPERVISION

IS OFFENDER SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(C)
DUE TO A CONVICTION FOR CERTAIN SEXUAL OFFENSES.

     (X) YES  ( ) NO

     18 USC 4042(C) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE
     COMMUNITY

DNA TEST STATUS: NEED

     DNA TESTING APPLIES TO INMATES WITH A QUALIFYING OFFENSE

DICTATED BY: _____ CASE MANAGER (DATE)  9-4-07
             MOB CM 1   A. RABIDOU (A,B,E,F WINGS)

DATE TYPED: 09-03-2007

REVIEWED BY: _____ UNIT MANAGER (DATE)  9-4-07
             MOBILE     JERRY HACKETT, UNIT MANAGER

Attachment 4

BP-S210.073 **INSTITUTIONAL REI    RAL FOR CCC PLACEMENT** CDFRM
SEP 99
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO: (Community Corrections Manager)<br><br>Lynette Fahie, CCM | FROM: Chief Executive Officer (Name, Title & Date) - Signature certified approval and CIMS Clearance<br><br>D. Drew, Warden |
|---|---|
| Inmate Name<br>Williams, Roy | Register Number<br>17566-075 | Date<br>January 28, 2008 |

| Unit Manager/Mail ID<br>S. Hackett, MON/Mobile Unit | Institution (Address and Phone Number)<br>Federal Prison Camp<br>Maxwell Air Force Base<br>Montgomery, AL 36112<br>334-293-2100 |
|---|---|

| 1.  Release City   Athens, Alabama | Supervision District<br>Northern District of Alabama |
|---|---|

| 2.  Anticipated Release Date<br>07-29-2008 | Method<br>GCT Release | Verified by (ISM Staff) |
|---|---|---|

| 3.  Recommended (only one):<br>   a.  Range___ , or<br>   b.  Date 06-13-2008 | 4.  If a presumptive parole case, enter the date the pre-release record review progress report was submitted to the Parole Commission: _____ |
|---|---|

| 5.  Statutory Interim Hearing Scheduled?<br>☐ Yes  ■ No  ☐ Waived | 6.  Supervised Release<br>■ Yes ☐ No | Special Parole Term<br>☐ Yes ■ No |
|---|---|---|

7.  Aftercare Supervision

   ☐ Drug ☐ Alcohol   ☐ Mental Health   ■  Other Shall Participate in 240 hours of community service directed towards preventing illegal drugs.  This will be under the supervision of the probation officer
   ☐ N/A

| 8.  CIM Case: ☐ Yes ■ No | Assignment: |
|---|---|

| As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.<br><br>☐ Yes  ☐ No  Signature of CMC _____<br>Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above. | NOTE:<br>The CMC will update SENTRY to reflect specific dates and CCC location code upon notification of acceptance from the CMC. |
|---|---|

| 9.  If proposed District of Supervision differs from Sentencing District, has USPO approved?<br>■ Yes ☐ No  ☐ N/A | 10.  Does inmate have a committed fine?  ☐ Yes  ■ No<br>If yes, indicate how fine will be paid in item 12. |
|---|---|

11.  Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history.  Mr. Williams has no detainers or pending charges.  The PSI does not reference a past substance abuse history of drugs or alcohol.

12.  Specific release preparation/Pre-natal care needs.  Mr. Williams is being referred for a RRC placement date of 06-13-2008, to assist him with his transitional needs.  He has a place of residence and it is anticipated that he has gainful employment upon placement.  Notification of Prisoner Release is required under Public Law 103-322. Mr. Williams is paying his court ordered fine of $5,000.00.  He has a remaining balance of $4,454.00 that he is repaying through the BOP's FRP program at $207 per month.

| 13.  For MINT Referrals,<br>       Date of Delivery: | 14.  (a) For MINT Referrals, Projected Date of Return to Parent Institution:<br><br>       (B)  Proposed guardian: |
|---|---|

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | NO. COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | 2 |
| Community Based Program Agreement | 2 | Drug Abuse Treatment Programs Agreement to | |
| BP-339 CIM Case Information Summary | 1 |    Participate in Community Transition Programming | 2 |
|    (Non-Separation Cases) | | | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of | | | |
|    Inmates to CCC Type Facility | 2 | | |
| Judgment & Commitment Order | 2 | Mailed & Keyed: 2/4/08 | |
| Statement of Responsibility | 2 | | |

* If the inmate has a diagnosed, ongoing medical condition, such as diabetes or coronary disease, send any pertinent medical records.

Record Copy - CCM; Copy - Institution File; Copy - USPO Sentencing District; Copy USPO District of Supervision

Attachment 5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### PROBATION OFFICE

CYNTHIA McGOUGH
CHIEF PROBATION OFFICER
HUGO L. BLACK
UNITED STATES COURTHOUSE
1729 FIFTH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203
COM. (205) 278-2100
FAX (205) 278-2125
HEADQUARTERS

October 30, 2007

REPLY TO:
U.S. PROBATION OFFICE
FEDERAL BUILDING
101 HOLMES AVENUE, ROOM 303
HUNTSVILLE, AL 35801
COM. (256) 534-2454
FAX (256) 533-2180

A. Rabidou, Case Manager
FPC Montgomery
Maxwell Air Force Base
Montgomery, Alabama 36112

**Re:    WILLIAMS, Roy**
         **Reg. No. 17566-075**
         <u>**Pre-release Investigation Request**</u>

Dear A. Rabidou:

Pursuant to your request on September 3, 2007, this is to advise you that we have completed the pre-release investigation for the above-referenced individual.

An interview and home inspection were conducted on October 26, 2007, with Gwen Williams, at 17852 Catfish Bluff, Athens, AL., 35611. An inspection of the residence and questions answered by Mrs. Williams in relation to the proposed home plan for the offender's release were found to be acceptable. Based on this information, the release plan is approved.

Should you have any questions or require additional information, please do not hesitate to contact me at the number below.

Sincerely,

Matthew Worboys
United States Probation Officer
(256)551-2546



**U.S. Department of Justice**
Federal Bureau of Prisons
*Montgomery Federal Prison Camp*

*Maxwell Air Force Base, Al. 36112*
*Telephone: (334)293-2100*

September 03, 2007

Cynthia McGough, Chief Probation Officer
United States Probation Office
Northern District of Alabama
201 Hugo L. Black United States Courthouse
1729 Fifth Avenue North Street
Birmingham, AL 35203-2000

RE: Williams, Roy
     Register No. 17566-075

Dear Ms. McGough:

Mr. Williams has requested to relocate to the Northern District
of Alabama from the Middle District of Tennessee. He is serving
a 18-month sentence with three years Supervised Release for
Conspiracy To Possess With The Intent To Distribute Gamma-
Butyrolactone (GBL).
He has a release date of July 29, 2008 via Good Conduct Time
Release.

Mr. Williams has submitted the following release plan for your
review:

Residence:        Gwen Williams, Wife
                  17852 Catfish Bluff
                  Athens, Alabama 35611
                  Telephone No. 256-729-6760

Employment:       Newtritional Health Care, LLC
                  1115 Hwy 72
                  Killen, Alabama 35645
                  256-757-0660

Mr. Williams is participating in the pre-release program. This
program is designed to provide him with information which will
assist him in his gradual release from the institution back into
the community.

For your review, the Presentence Investigation Report, a Progress
Report, a Judgment in a Criminal Case, and a current Sentence
Computation have been provided.

Request for Relocat. n
Williams, Roy
Page 2


If additional information is needed, please contact
Mr. Williams Case Manager, A. Rabidou, at 334-293-2281.

Sincerely,

M. Rowe
Acting Unit Manager

cc: Robert Musser Jr, Chief UPSO, Middle District of Tennessee

ATTACHMENT 6

ATTACHMENT

TO BE SUPPLEMENTED

AT A LATER DATE