### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| ROY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  **2:07cv-1117-MEF** |
| | ) | |
| HARLEY LAPPIN, Director, Federal | ) | |
| Bureau of Prisons, and | ) | |
| DARLENE DREW, Warden, | ) | |
| FPC Montgomery, | ) | |
| | ) | |
| Respondents. | ) | |

## MOTION TO SUPPLEMENT RESPONSE

Comes now the respondents, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this Motion to Supplement the Response filed this date (doc #10).  As for grounds to supplement, Defendant states that the attached Declarations of Terry Collins and Anita Rabidou are referenced in support of Defendants response and that said response was filed prematurely without the attachment of same.

WHEREFORE, premises considered, Defendant respectfully requests the Court grant its Motion to Supplement.

Respectfully submitted this the 27th day of February, 2007.

LEURA G. CANARY
United States Attorney

By: s/R. Randolph Neeley
R. RANDOLPH NEELEY
Assistant United States Attorney
Bar Number: 9083-E56R
Post Office Box 197
Montgomery, AL  36101-0197
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
**E-mail: rand.neeley@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed,

by United States Postal Service, a copy of same to the following non-CM/ECF

participant(s):

Roy Williams, Reg. No. 17566-075
Montgomery Federal Prison Camp
Inmate Mail/Parcels
Maxwell Air Force Base
Montgomery, AL 36112

s/R. Randolph Neeley
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Roy Williams                    )
                                )
    Petitioner,                 )
                                )
    v.                          )        Civil Action No. 2:07-cv-1117-MEF
                                )
Harley Lappin, et al.,          )
                                )
    Respondents.                )

## Declaration of Terry A. Collins

I, the undersigned Terry A. Collins, do hereby make the following unsworn declaration, under penalty of perjury, pertinent to the above-styled and numbered cause.

1.     I am employed as Senior Counsel, Federal Bureau of Prisons, Southeast Region in Atlanta, Georgia. I have been employed by the Bureau of Prisons for 12 years. As Senior Counsel, I have access to the computerized records of the Administrative Remedy Complaints which is described at 28 C.F.R. § 542, *Administrative Remedy Procedures* for Inmates.

2.     28 C.F.R. §542 contains the guidelines an inmate must follow to exhaust his administrative remedies within the Bureau of Prisons. This three-tired process is a method whereby an inmate may seek redress for the deprivation of any right to which he is entitled or to which he feels entitled. The process consists of the first addressing the complaint to the Warden of the facility where he is housed (BP-9). If dissatisfied with the Warden's response, the inmate must then file an appeal with the Regional Director of the region in which the inmate is located (BP-10). If the inmate is not satisfied with the response of the Regional Director, he must then appeal the decision to the National Inmate Appeals Administrator, Office of General Counsel (BP-11). A decision by the Bureau of Prisons is not final, until relief has been denied at the national level.

3.     I have reviewed the Administrative Remedy Log for inmate Roy Williams, federal register number 17566-075. The computerized log reflects inmate Williams has not filed any administrative remedies. See Attachment A.

I declare under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 22nd day of February, 2008.

_Terry A. Collins_

Terry A. Collins, Senior Counsel
Federal Bureau of Prisons
Southeast Region

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Roy Williams                          )
                                      )
    Petitioner,                       )
                                      )
                                      )    Civil Action )No. 2:07-cv-1117-MEF
                                      )
                                      )
Harley Lappin, et al.,                )
                                      )
    Respondent.                       )

## Declaration of Anita Rabidou

I, Anita Rabidou, do hereby certify, declare, and state as follows:

1.    I am employed by the Federal Bureau of Prisons (BOP) as a Case Manager at the Federal Prison Camp in Montgomery, Alabama (FPC Montgomery). I am over the age of 21 and have information relevant to this case.

2.    Included in my duties as Case Manager is to review central files of inmates to make recommendations for the inmate's placement in Residential Reentry Centers (RRC). After review of the inmate's central file and previous program reviews I make an initial recommendation for RRC placement. The recommendation is then reviewed by several other staff before final approval by the Warden.

3.    I understand inmate Roy Williams, federal register number 17566-075, has filed a Habeas Petition challenging the directive limiting RRC placement to the lesser of the last 10% of a sentence or six months. He also seeks direct placement to home confinement in Tennessee.

<u>Roy Williams v. Harley Lappin et tl.</u>, Civil Action No. 2:07-cv-1117-MEF
Declaration of Anita Rabidou
Page 2

4.    On January 10, 2005, the Bureau finalized new rules regarding its categorical exercise of discretion for designating inmates to community confinement when serving terms of imprisonment. See Community Confinement, 70 Fed. Reg. 1659 (Jan. 10, 2005) (to be codified at 28 C.F.R. § 570.21). The new regulations became effective February 14, 2005, and amended the Code of Federal Regulations. The amended rule provides:

> The Bureau of Prisons will designate inmates to a community confinement on as part of pre-release custody and programming during the last ten percent of the prison sentence being served, ot to exceed six months. The only exception to this policy are for inmates in specific statutorily-created programs that authorize greater periods of community confinement (for example, the residential substance abuse treatment program (18 U.S.C. 3621(e) (2)(A)) or the shock incarceration program (18 U.S.C. 4046 (c))).

5.    There is no rule or policy which would automatically grant consideration for inmates to receive six months in a RRC, with the exception of inmates completing the Residential Drug Abuse Program and those completing the Intensive Confinement Center Program.

6.    Prior to this change, inmates were not guaranteed to get six months in a RRC. When arriving at a recommended time for placement in a RRC, each inmate is considered on a case by case basis. While we can not place inmates in a RRC beyond the 10% (release preparation date), we still maintain the discretion to place inmates in a RRC for a lesser amount of time. Several factors are taken into consideration including, the inmate's length of sentence, his institutional adjustment and program participation. The inmate's post incarceration resources are also considered. These factors include, employability, whether the inmate has a release residence, how much anticipated time he will need to find employment and available community support.

7.    Inmate Williams is assigned to my case load on the Mobile Unit. He was committed to the custody of the BOP on April 9, 2007, and has a good conduct time release date of July 29, 2008. Inmate Williams has been recommended for release on

Roy Williams v. Harley Lappin et tl., Civil Action No. 2:07-cv-1117-MEF
Declaration of Anita Rabidou
Page 3

June 13, 2008, which is his release preparation date. If approved, he will spend 46 days in a halfway house. On September 4, 2007, inmate Williams submitted a Release Preparation Plan wherein he indicated he would be working at his business, Newtritional Health Care in Killen, Alabama. He also requested to transfer from the District of Tennessee (place of sentence) to live at his residence with his spouse in Athens, Alabama. Inmate Williams' Release Plan was approved by the U.S. Probation Office, Northern District of Alabama, on October 30, 2007.

8.    Several factors are being considered in making the determination that inmate Williams requires minimal time in an RRC. Inmate Williams has a relatively short sentence. His overall institution adjustment has been very good, and he has maintained clear conduct. Inmate Williams owns his own business and will return to this business upon release. Thus, he does not require time to search for employment. Over the last 6 months he has an average balance of $2,784 dollars which is evidence of strong community ties and support. Inmate Williams will reside with his wife in Athens, Alabama upon his release. Based on all these factors, we determined inmate Williams would benefit from 30 to 46 days in a RRC.

9.    Inmate Williams' claims under the old BOP policy he would have been entitled to six months in a halfway house is not correct. Even under the old BOP policy, I would not recommend inmate Williams for a six month placement based on his short sentence and available resources.

10.    Regarding inmate Williams claim that he needs to be released back to Tennessee to be closer to live with his parents, inmate Williams has not submitted any requests to staff to change his release destination. Nor has he made any request to be considered for early release under the BOP Compassionate Release Program.

Roy Williams v. Harley Lappin et tl., Civil Action No. 2:07-cv-1117-MEF
Declaration of Anita Rabidou
Page 4

I declare under the penalty of perjury and pursuant to 28 U.S.C. 1746 the foregoing is true and correct to the best of my knowledge and belief.

Executed this 2\ day of February, 2008.

Anita Rabidou, Case Manager
FPC Montgomery
Montgomery, Alabama