IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

```
ROY WILLIAMS,                    *
        Petitioner,              *
                                 *
V.                               *    CASE NO. 2:07-cv-1117-MEF
                                 *
HARLEY LAPPIN, et.al.,           *
        Respondents.             *
_____/
```

### PETITIONER'S REPLY TO RESPONDENT

**COMES THE PETITIONER**, ROY WILLIAMS, and in Reply to the Respondents Answer to his Habeas Corpus Petition referenced above, and this Court's Order of February 29, 2008, allowing Petitioner's reply, will state the following-

Petitioner first states that, while he has not exhausted administrative Remedy, he has filed his Petition seeking Modification of his current confinement seeking to change his Place of Imprisonment under **Emergency circumstances, where if he were to Exhaust Administrartive Remedy would , as a matter of course, take such time as to render his request for Relief under said Emergency Circumstances, <u>Futile</u>**, as first, the Prison Administrators who consider such Petitions, are not familiar with Statutory Provisions of controlling law, or case law holdings enforcing Stautory Provisions as relates to Bureau of Prison Policy, likely, because-<u>it is not required of the Administrators</u>, who routinely reject requests such as Petitioner's without consideration of lawful Authorities supporting and **allowing** the Relief Requested. Thus, Petitioner has brought his Complaint to-

**(PAGE ONE)**

--the Courts, and this Court, for consideration of the **Statutory Law** in support of his Complaint, as well as what Petitioner asserts is Good Cause Shown, under Exigent Circumstances.

For instance, **Title 18, U.S.C. §3621 (b)**, which states in pertinent part that: "The Bureau of Prisons shall designate the place of the prisoner's confinement. The bureau may designate any available penal or correctional facility...., whether maintained by the Federal government-**or otherwise** and whether **within or without** the judicial district in which the person was convicted, that the Bureau determines to be approprite or SUITABLE, considering-

    (1) the resources of the facility contemplated
    (2) the nature and circumstances of the offense
    (3) the history and characteristics of the prisoner
    (4) any statement by the court that imposed the sentence-

Therefore, certainly the bureau of Prisons has the Stautory Authority and Not restricted by 18 U.S.C. §3624(c) in designating a CCC for an inmate and may place an inmate in CCC For **MORE than Six Months**, if appropriate, under **Title 18, U.S.C. §3582(c)(1)(A)**, which allows:

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering factors set forth in §3553(a) to the extent they are applicable, if it finds that-
>
> (1) extraordinary and compelling reasons warrnt such a reduction".

Therefore, Petitioner's legal argument must be combined with his cause for this action, which is in fact, selfless, that sole reason being that he is the only person who has ability or time-to adequately care for his terminally ill -elderly parents.

**(PAGE TWO)**

Petitioner submits that his is an **Extraordinary** and compelling reason which should warrant such a reduction, not in his sentence, but in the manner by which it is served, and that it rightfully ought to be allowed pursuant to **18 U.S.C. §3582(c)(1)(A)**, which provides No Restriction here.

Finally in further consideration, and as noted by the Respondents response, Petitioner is a small business owner, and his current conviction and small sentence is business related to change in Government regulations regarding "GBL" a natural substance which was in fact **LEGAL** when first carried by Petitioner in his Nutrition Store. Subsequently, Petitioner ceased sale of this substance -before he was indicted- on his own determination to stop sales of the product, and this fact, along with others relevant to allowances of Statute and Extraordinary Circumstances, shows Petitioner's **Good Cause** in seeking Relief here.

Contrary to Respondents contention that Petitioner has "No Liberty Interest" in this Petition, Petitioner cannot care for his elderly parents under the current mode of confinement, and this creates a Liberty Interest. Moreover, it is clearly in the discretion of the criteria delineated by Statute and Policy that the Bureau of Prisons can allow Petitioner's sentence to be served by Home Confinement if he meets certain criteria of of-"Etraordinary and Compelling Reasons" -[**18-U.S.C.§3582(c)(1)(A)**, and Petitioner claims that his reasons- do in fact meet such criteria in this case. SEE **Bell v. Hood**,- 202,F.3d 1211, **1221-22** (9th Cir.2000)-( treating unambiguous-

-language in a program Statement as binding upon the BOP.)

While it is unclear if the Eleventh Circuit has addressed such Issues as here, the Second, Third, Eighth and Tenth circuits have **All Ruled Against the Dept. of Justice** in cases involving the BOP's discretion to consider inmates for release beyond their 10% release date. **Wedelsted v. Wiley**, 477 F.3d. 1160,(10th Cir.2007); **Levine v. Apker**, 455 F.3d. 71 (2nd Cir.2006); **Fults v. Sanders**, 442 F.3d 1088 (8th Cir.2006); -**Woodall v. Fed. Bureau of Prisons**, 432 F. .3d 235,(3rd Cir.).

In Support of Petitioner's Position, Plaintiff (re)attaches as **EXHIBIT**: letter to Sentencing Judge, Honorable Judge Nichols-(6th Cir.), from Petitioner's Parents Doctor **Brown,M.D.**, dated **9/20/2007**, which provides overview of parents Health condition, which in fact has worsened since that time.

**IN CONCLUSION,**

For the Good Cause shown above which comports with existing law and Bureau of Prison's Policy, Petitioner should be granted releif by changing his place of confinement to Community Correction, and **Prays** this Honorable Court that the Bureau honor it's Policy and Acknowledge the law in considering Petitioner's Position, and allow his Home Confinement.

                        RESPECTFULLY SUBMITTED,

                        THIS 12th DAY OF MARCH, 2008,

By-

/s/ _____

ROY WILLIAMS, PETITIONER, PRO-Se
#17566-075, MOBILE-B
FPC MAXWELL AFB, MONTGOMERY, AL. 36112

(PAGE FOUR)

## CERTIFICATE OF SERVICE

I do herby certify that on the date below I did place true copy of the foregoing-"Petitioner's reply to Respondent" in the mail box of this Institution, corrcet U.S. Postage paid, and addressed to the following party:


R. RANDOLPH NEELY
Assistant United States Attorney
Post office Box 197
MONTGOMERY, ALABAMA, 36101-0197


DONE, THIS 12th DAY OF MARCH, 2008.

By-
/s/ _____
ROY WILLIAMS, PETITIONER, PRO-SE
No. 17566-075, MOBILE-B
FPC MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112


**(PAGE FIVE)**

Roy Williams - Pro-Se
#17566-075 - Mobile-B
Federal Prison Camp, Maxwell A.F.B.
Montgomery, AL 36112

TO:
CLERK'S OFFICE
UNITED STATES DISTRICT COURT
ONE CHURCH STREET
MONTGOMERY, ALABAMA
　　　　　　　　36104

# Frances A. Berry-Brown, M.D.

*Internal Medicine, Certified*

233 East Gaines
P.O. Box 786
Lawrenceburg, TN 38464

Phone: 931/762-1144
Fax: 931/766-0045

09/20/2007

TO: Honorable Judge Echols
801 Broadway
Nashville TN 37203

RE: Roy P. Williams

Claude and Winona Williams are patients in my practice.

Claude Williams is age 85 and he has Coronary Artery Disease and had bypass surgery in February 1999. He is currently under evaluation by his cardiologist for this condition.

Winona Williams is age 87 and has chronic back pain and osteoarthritis. She has to use a walker to get around. Mrs. Williams had extensive fat necrosis from left breast surgery in April of 2007 and she continues to have severe pain and problems from the area of fat necrosis. Mrs. Williams has a new onset of ventricular ectopy with near syncope and underwent a Taxus Stent in her right coronary artery in April 2007.

If I can be of further assistance please contact my office.

Sincerely,

*Frances A. Berry-Brown, MD*

Frances A. Berry-Brown, M.D.

**EXHIBIT**